# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 6/28/2021 10:00 AM - 10:00 AM
Courtroom Number: 2403
Location: District 1 Court
Cook County, IL

FILED
2/26/2021 3:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00950

12373417

FILED DATE: 2/26/2021 3:37 PM 2021CH00950

12-Person Jury

Firm No. 60700

## IN THE
## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| JOSE AVINA, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 2021CH00950 |
| QUALIA COLLECTION SERVICES, | Jury Demanded |
| Defendant. | |

### CLASS COMPLAINT

Plaintiff, Jose Avina, on behalf of himself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

### PARTIES

1. Plaintiff, Jose Avina ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Capital One N.A consumer account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a (3) of the FDCPA.

2. Defendant, Qualia Collection Services ("QCS"), is a California business, registered to do business in Illinois.

3. QCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

4. QCS holds a collection agency license from the State of Illinois.

5. QCS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due to another and is a "debt collector" as defined in 15 U.S.C. § 1692a (6) of the FDCPA.

## FACTUAL ALLEGATIONS

6. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Kohl's Department Stores Inc. consumer account, ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

7. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

8. Sometime thereafter, Capital One N.A. acquired the account.

9. Thereafter, Capital One retained QCS to collect the alleged debt.

10. On or about October 7, 2020, QCS mailed a collection letter ("Letter") to Plaintiff in an attempt to collect on the alleged debt. (Exhibit A, Collection Letter)

11. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor and a current balance on the alleged debt.

12. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

13. The Letter states the principle of the alleged debt is $1,499.42 (Ex. A, Letter).

14. The Letter then lists amounts accruing for Fees and Interest.

15. Plaintiff believed that because amounts were listed for fees and interest, those items were accruing on the alleged debt.

16. The unsophisticated consumer would believe that because amounts were listed for fees and interest, those items were accruing on the alleged debt.

17. In fact, neither fees nor interest were permitted to accrue.

18. The alleged debt had been charged off in October of 2018 for $2,024.

19. The debt had not increased since 2018.

20. However, despite listing Fees and Interest, the Letter does not state those amounts cannot increase.

21. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or mislead ing representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**... (2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or...**

22. QCS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely implied that the debt may be increasing.

23. An itemization of fees on a collection letter showing a zero balance could imply future cost charges. *See Duarte v. General Revenue Corporation*, 2017 WL 5478300, at *3 (N.D.Ill., 2017).

24. Furthermore, the Letter listed out several disclosures required by 15 U.S.C. § 1692g, including:

> . . . If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this _**office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you**_.

(Ex. A, Letter, emphasis added)

28. At the time the Letter was mailed, there was no judgment on the alleged debt.

29. Defendant's reference to a judgment made Plaintiff that there may have been a judgment entered with respect to the alleged debt, or that Defendant was in the process of obtaining one.

30. Defendant's reference to a judgment would make the unsophisticated consumer believe that there may have been a judgment entered with respect to the alleged debt, or that Defendant was in the process of obtaining one.

31. In fact, Defendant had no intention of seeking a judgment on the alleged debt.

32. Defendant also knew that no judgment had been entered.

33. Defendant appears to have cut and paste the language for the disclosure from the statute text, but failed to select the applicable dispute response available (i.e. verification vs. a copy of a judgment).

34. A party may not merely parrot language of an order or a statute and comply with the FDCPA when such language is false. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 370 (7th Cir. 2018) (analyzing the use of FDCPA safe harbor language drafted).

35. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ... (2) The false representation of—
>
> > (A) the character, amount, or legal status of any debt; or...
>
> ... (5) The threat to take any action that cannot legally be taken or that is not intended to be taken

36. Defendant misrepresented the legal status of an alleged debt, and threatened an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(5), when it stated that upon written request, it would obtain a copy of a judgment and mail copy of same to Plaintiff, despite there being no such judgment.

37. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. ...

38. Defendant used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when it stated it would obtain a copy of a judgment and mail a copy of same to Plaintiff, despite there being no such judgment.

39. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)).

40. Here, Defendant's statement that it could send a copy of a judgment to Plaintiff would make him believe that there was no longer any point to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not.

FILED DATE: 2/26/2021 3:37 PM 2021CH00950

41. QCS's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

25. Plaintiff, Jose Avina, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant QCS attempted to collect on an alleged defaulted Capital One N.A. debt (3) by mailing a form letter substantially similar to that mailed to Plaintiff attached as Exhibit A (4) which states:

> . . . If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you.

26. As Exhibit A is a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a defaulted Capital One N.A. debt.

27. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

28. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of

FILED DATE: 2/26/2021 3:37 PM 2021CH00950

other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

29. Plaintiff Avina will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff re-alleges above paragraphs as set forth fully in this count.

31. QCS misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when it falsely stated that Capital One may make an adjustment to the balance due.

32. Defendant misrepresented the legal status of an alleged debt, and threatened an action it did not intend to take, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(5), when it stated that upon written request, it would obtain a copy of a judgment and mail copy of same to Plaintiff, despite there being no such judgment.

33. Defendant used unfair means in an attempt to collect a debt, in violation of 15 U.S.C. §1692f, when it stated it would obtain a copy of a judgment and mail a copy of same to Plaintiff, despite there being no such judgment.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Statutory damages for all class members, pursuant to 15 U.S.C. §1692k(a)(2);

 B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

 C. Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand

(Rev. 12/01/20) CCG 0067

FILED DATE: 2/26/2021 3:37 PM   2021CH00950

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CHANCERY DEPARTMENT/ FIRST DISTRICT

JOSE AVINA

v.

QUALIA COLLECTION SERVICES

No. _____

## JURY DEMAND

The undersigned demands a jury trial.

s/Michael Wood
_____
(Signature)

☐ Atty. No.: 60070
Name: Michael Wood
Atty. for: Community Lawyers LLC
Address: 20 N. Clark Street, Suite 3100
City/State/Zip: Chicago, IL 60602
Telephone: (312) 757-1880
Primary Email: mwood@communitylawyersgroup.com

Dated: February 26, 2021



**QCS**
QUALIA COLLECTION SERVICES

1444 North McDowell Blvd
Petaluma, CA 94954
844-598-5454



**OFFICE HOURS**
Monday - Thursday 5:00AM to 7:00PM (PST)
Friday 5:00AM to 4:00PM (PST)
Saturday 5:00AM to 1:30PM (PST)

FILED DATE: 2/26/2021 3:37 PM   2021CH00950

### ACCOUNT SUMMARY

| | |
|---|---|
| Original Creditor: | Kohl's Department Stores Inc. |
| Creditor: | Capital One N.A. |
| RE Your Kohl's Credit Card Account #: | XXXXXX1559 |
| Agency Account #: | 3551811 |
| Principal: | $1,499.42 |
| Fees: | $259.00 |
| Interest: | $265.65 |
| Balance Due: | $2,024.07 |
| Settlement Amount: | $1,012.04 |

FILED
2/26/2021 3:37 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH00950
12373417

### PAYMENT OPTIONS

Website:
www.payqcs.com

Pay By Phone:
844-598-5454

Mail:
1444 North McDowell Blvd
Petaluma, CA 94954
*(Please use the payment coupon and return envelope provided)*

Hearing Date: 6/28/2021 10:00 AM - 10:00 AM
Courtroom Number: 2403
Location: District 1 Court
Cook County, IL

10/7/2020

Dear JOSE AVINA:

### SETTLEMENT OFFER

Your account has been assigned to our agency for collection. The Creditor to whom the debit is owed is Capital One N.A..

We are willing to settle your account for 50% of the balance due. Once your payment in the amount of $1,012.04 is received and clears, your account will be closed and collection efforts will cease. This offer will expire 45 days from the date of this letter. We are not obligated to renew this offer. Our request for payment does not affect your rights as set forth below.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

---

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

---

Detach and Return with Payment

1444 North McDowell Blvd
Petaluma, CA 94954

| DEBIT CARD ONLY: FILL OUT BELOW | | |
|---|---|---|
| ☐ DEBIT CARD VISA | ☐ DEBIT CARD MASTERCARD | |
| CARD NUMBER | EXP. DATE | AMOUNT |
| SIGNATURE | | |

10/7/2020

| | |
|---|---|
| Agency Account #: | 3551811 |
| Balance Due: | $2,024.07 |
| Settlement Amount: | $1,012.04 |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**



JOSE AVINA

Qualia Collection Services
1444 North McDowell Blvd
Petaluma, CA 94954

## Exhibit A

QCS / 5K / AAJ019218540   10711 / 000005356

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under state and federal law. Please find below important additional information for residents of the following states:

CALIFORNIA: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

California Consumer Privacy Act Notice. We do not sell your personal information. We collect the following categories of personal information: Personal identifiers such as names, addresses and telephone numbers; identification numbers and account information, payment and other financial or personal history information; audio recordings; geographic information; education and employment information; other identifying information such as Internet and web site activity; and inferences drawn from any of the above information. These categories of personal information are used for the business purposes of debt collection, to fulfill the reason for which information is provided or obtained, and to comply with legal obligations. Our Privacy Policy, and information on how a consumer with a disability may access this notice in an alternate format, may be found at www.qualiacollectionservices.com/privacy-policy or by calling (855) 593 5046.

COLORADO: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The agency's local address and telephone number is 8690 Wolff Court, Suite 110 Westminster, CO 80031, 1-303-920-4763. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

MASSACHUSETTS: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

MINNESOTA: This collection agency is licensed by the Minnesota Department of Commerce.

NEVADA: If you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgment of the debt by you; and (2) a waiver by you of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to the debt, you should seek legal advice.

NEW YORK: New York City Department of Consumer Affairs License number 1254605. Call back name and phone number: Timothy Whalen at 1-800-433-5709 during normal business hours.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence, b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1) Supplemental Security Income (SSI); 2) Social Security; 3) public assistance (welfare); 4) spousal support, maintenance (alimony) or child support; 5) unemployment benefits; 6) disability benefits; 7) workers' compensation benefits; 8) public or private pensions; 9) veterans' benefits; 10) federal student loans, federal student grants, and federal work study funds; and 11) ninety percent of your wages or salary earned in the last sixty days.

This collection agency does not provide language access services or translations of communications into languages other than English. A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affairs' website, www.nyc.gov/dca.

NORTH CAROLINA: NC Dept. Ins. Permit # 4502

TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.