UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

JOSE AVINA, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

QUALIA COLLECTION SERVICES

    Defendant.

---

Case No.: 21-cv-1993

**DEFENDANT QUALIA COLLECTION SERVICES' MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

Plaintiff Jose Avina ("Plaintiff") filed this action in Circuit Court of Cook County, Illinois, individually and on behalf of a class, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").[1] Defendant Qualia Collection Services ("QCS") sent Plaintiff a dunning letter (the "Letter"), which informed Plaintiff that his debt owed to Capital One, N.A. was assigned to QCS for collection purposes. (Dkt. 1-1, Ex. A).[2] Plaintiff alleges that the Letter violated the FDCPA for two reasons. First, Plaintiff claims the Letter violated §§ 1692e and e(2)(A) because "it falsely stated that Capital One may make an adjustment to the balance due." (Dkt. 1-1., ¶ 31)[3]. Second, Plaintiff contends the Letter violated §§ 1692e(2)(A), e(5) and f because it falsely implies that QCS "would obtain a copy of a judgment and mail a copy of same to Plaintiff, despite there being no such judgment." (Dkt. 1-1, ¶¶ 32-33).

Plaintiff also appears to assert an additional claim against QCS. Specifically, in the factual allegations section of the Complaint, Plaintiff alleges that the Letter violated §§ 1692e and e(2)(A) because it "falsely implied that the debt may be increasing." (Dkt. 1-1, ¶ 22). This allegation is founded on Plaintiff's mistaken belief that because the Letter lists an itemized breakdown of Plaintiff's debt, it implies that interest and fees are accruing on Plaintiff's debt when in fact no interest or fees are accruing. (Dkt. 1-1, ¶¶ 15-24). While it is unclear whether Plaintiff properly pleaded this alleged claim, it nevertheless has no merit and should be dismissed.

Ultimately, this is a "lawyer's case" as it "alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive." *Ocampo v. Client Servs., Inc.*, 2019 WL 2881422, at *3 (E.D.N.Y. Jul. 3, 2019).

---

[1] Defendant Qualia Collection Services timely removed Plaintiff's action to this Court.
[2] For citation purposes, Defendant cites to the Letter as "Dkt. 1-1, Ex. A."
[3] For citation purposes, Defendant cites to the Complaint as "Dkt. 1-1, ¶ __."

1

The Letter at issue provides in relevant part:

> Principal:      $1,499.42
> Fees:           $259.00
> Interest:       $265.65
> Balance Due:    $2,024.07
>
> ***
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

(Dkt. 1-1, Ex. A). Plaintiff contends that the Letter violates the FDCPA because it fails to advise him that the amount of the subject debt cannot increase and its reference to a "judgment" in the Letter made him believe that there may have been a judgment entered against him.

In reality, however, the Letter does not falsely imply that fees or interest could accrue and contains the statutorily required § 1692g validation notice language. To read the Letter in any other way is an idiosyncratic reading. Indeed, this is the type of hyper-technical violation to be conceived of only by the advantageous and sophisticated attorney. *See Ocampo*, 2019 WL 2881422, at *3. As aptly stated by the Seventh Circuit, "[a] lawyer's ability to identify a question that a dunning letter does not expressly answer ("Is it possible the balance might increase?") does not show the letter is misleading, even if a speculative guess to answer the question might be wrong. *Koehn v. Delta Outsource Group, Inc.*, 939 F.3d 863, 865 (7th Cir. 2019) (parenthetical in original).

Therefore, for the reasons set forth below, Plaintiff's FDCPA claims fail as a matter of law and the Court should dismiss Plaintiff's Complaint.

## ARGUMENT

### I. MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion, the complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). A claim must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 679 (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). The court, however, is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

### II. THE UNSOPHISTICATED DEBTOR STANDARD

In determining whether a communication is "false, deceptive, or misleading," the Seventh Circuit evaluates the disputed language from the objective standpoint of an "unsophisticated debtor." *Johnson v. Enhanced Recovery Co., LLC*, 961 F.3d 975, 982 (7th Cir. 2020). The hypothetical unsophisticated debtor is "uninformed, naive," and "trusting," but does possess "rudimentary knowledge about the financial world," and "is wise enough to read collection notices with added care." *Boucher v. Fin. System of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018)

3

(quoting *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) (citations and internal quotations omitted)). The unsophisticated debtor is also "capable of making basic logical deductions and inferences" and possesses "reasonable intelligence." *Heredia v. Capital Mgmt. Servs., L.P.*, 942 F.3d 811, 815 (7th Cir. 2019) (citation and internal quotations omitted). Though the "unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Id*. (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). In short, the FDCPA "protects the unsophisticated debtor, but not the irrational one." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000).

### III. PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO THE FDCPA

#### A. The Letter does not state that Capital One may make an adjustment to the balance of Plaintiff's debt

As an initial matter, Plaintiff alleges that QCS violated §§ 1692e and e(2)(A) because the Letter falsely stated that Plaintiff's current creditor, Capital One, "may make an adjustment to the balance due." (Dkt. 1-1, ¶ 31). The Letter, however, contains no language to that effect in any form. Instead, the Letter advised Plaintiff that Capital One assigned Plaintiff's subject debt to QCS for collection purposes. (Dkt. 1-1, Ex. A). This is the sole mention of Capital One in the Letter. *Id*.

Accordingly, Plaintiff's §§ 1692e and e(2)(A) claim asserting the Letter falsely advised him Capital One "may make an adjustment to the balance due" should be dismissed as a matter of law for the Complaint is devoid of any facts supporting this claim. To the extent that this allegation relates to Plaintiff's accruing interest and fees theory, it should also be dismissed for the reason articulated below.

**B.     The FDCPA does not require QCS to disclose the interest and fees are not accruing**

Plaintiff appears to assert that QCS violated §§ 1692e and e(2)(A) because the Letter "falsely implied that the debt may be increasing." (Dkt. 1-1, ¶ 22). This claim fails as the Second, Third, and Seventh Circuits have all held that a collection letter that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of § 1692e. *See Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214-15 (2d Cir. 2018)("[A] collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e."); *Degroot v. Client Servs. Inc.*, 977 F.3d 656, 662 (7th Cir. 2020) (holding that "a statement in a dunning letter that relates only to the present reality and is completely silent as to the future generally does not run afoul of the FDCPA.") *Hopkins v. Collecto, Inc.*, --- F.3d ---, 2021 WL 1345203, at * 4 (3d. Cir. 2021) (affirming the dismissal of the plaintiff's claim that the collection letter's itemized debt breakdown falsely implied that interest and fees could accrue and thereby increase the amount of his debt over time).

In *Degroot*, the Seventh Circuit affirmed the dismissal of the plaintiff's FDCPA claim where the collection letter itemized the amount owed and stated that no interest would accrue on plaintiff's account during defendant's collection efforts. *Degroot*, 977 F.3d at 662. In affirming the district court's dismissal of the plaintiff's claim, the court explained that "the presence of ambiguity does not automatically point to an FDCPA violation" and "[t]he fact that a debtor may incorrectly speculate as to a possible outcome does not render a dunning letter misleading." *Id*. As such, because the collection letter in *Degroot* did not suggest any possibility that interest would accrue once defendant ended its collection efforts, there was no FDCPA violation. *Id*.

Similarly, this Court has stated that the FDCPA does not require a defendant to note that the amount of the debt will remain static. *Delgado v. Client Servs.*, 2018 WL 1193741, at *4 (N.D.

5

Ill. Mar. 7, 2018). In *Delgado*, this Court considered a collection letter that itemized the plaintiff's account balance, indicating "$0.00" of interest was owed. *Id.* at *1. Specifically, the plaintiff who was represented by Plaintiff's counsel here, argued because "interest" and "other charges" were itemized in the letter, interest and charges would begin accruing on the alleged debt if he did not pay it. *Id.* Contrary to the plaintiff's reading of the letter, the *Delgado* court found that the unsophisticated consumer would not have been misled by the letter, noting that there was no indication in the letter that the balance was subject to increase. *Id.* at *4. In arriving at this conclusion the court explained that, if the plaintiff believed that the letter was threatening to assess interest and collection fees, it would not make sense that the amounts remained at zero after collection had already begun. *Id.* Ultimately, the plaintiff was asking the court to apply the FDCPA in a fashion clearly not envisioned by Congress:

> To find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading. Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do—essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much.

*Id.*

In the same vein, other district courts have held that a collection letter, which provides an itemization of a consumer's debt without any language indicating that the subject letter may increase, does not violate the FDCPA. *See e.g. Edwards v. BC Services, Inc.*, 2019 WL 6726232, at *11 (D. Colo. Dec. 10, 2019) (finding the plaintiff's interpretation that the itemized-debt collection letter suggested the amount of the debt may increase in the future to be "idiosyncratic and irrational" given total absence of language in the letter suggesting the slightest possibility that

6

additional charges might accrue); *Qureshi v. Vital Recovery Servs., Inc.,* 2019 WL 3842697, at *3 (E.D.N.Y. Aug. 15, 2019) (holding the mere inclusion of zero-balance line items for interest does not imply that such charges may accrue in the future absent language in the letter suggesting the contrary); *Dick v. Enhanced Recovery Co., LLC*, 2016 WL 5678556, at *4 (E.D.N.Y. Sept. 28, 2016) (finding the plaintiff's interpretation that the inclusion of the itemization implies the future imposition of fees "contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an accounting of that debt.")

Here, as the above decisional authority demonstrates, QCS is not required to disclose that interest and fees will not accrue on Plaintiff's debt. The Letter is devoid of any language suggesting that interest may or may not accrue in the future. To the contrary, the Letter simply provides an itemized breakdown of Plaintiff's debt:

| ACCOUNT SUMMARY | |
|---|---|
| Original Creditor: | Kohl's Department Stores Inc. |
| Creditor: | Capital One N.A. |
| RE Your Kohl's Credit Card Account #: | XXXXXX1559 |
| Agency Account #: | 3551811 |
| Principal: | $1,499.42 |
| Fees: | $259.00 |
| Interest: | $265.65 |
| Balance Due: FILED | $2,024.07 |
| Settlement Amount: 2/26/2021 3:37 PM | $1,012.04 |

(Dkt. 1-1, Ex. A). Furthermore, Plaintiff's bizarre interpretation of the Letter is contradicted by the allegation in the Complaint. In this regard, Plaintiff alleges that the Letter states the principal balance of the debt is $1,499.42 and he was aware that the debt had been charged off in October 2018 for $2,024.00 (Dkt. 1-1, ¶¶ 13, 17). Notably, the Letter does not contain any information about the date or the amount of Plaintiff's debt when it was charged off by his original creditor. Thus, taking the allegations in the Complaint as true, the Letter stated that the principal balance of

7

the debt is $1,499.42 and Plaintiff was aware that the debt was charged off two years ago in the amount of $2,024.00. (Dkt. 1-1, ¶¶ 13, 17). This is exactly what the Letter advised Plaintiff: the total balance of his debt due is $2,024.07. (Dkt. 1-1, Ex. A). Even the unsophisticated consumer would understand that an amount of a debt that remains unchanged for two years is not accruing interest and fees. Yet, Plaintiff claims that the Letter falsely implies that interest and fees may be accruing. This interpretation of the Letter ignores both logic and Plaintiff's own knowledge about the debt at issue.

As such, Plaintiff's reading of the Letter is precisely the kind of "bizarre or idiosyncratic" interpretation that this Court should reject when considering the purpose of FDCPA. Indeed, "the FDCPA arose because of collection abuses such as use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (internal quotation marks omitted). And, as the Seventh Circuit has held, a lawyer's ability to identify a question that a dunning letter does not expressly answer does not make the letter misleading. *Koehn*, 939 F.3d at 865.

### C. Plaintiff's interpretation of the Letter's validation language is bizarre and incorrectly expands the scope of the FDCPA.

Plaintiff's claim based on the Letter's validation notice attempts to hold QCS liable for complying with the FDCPA. *See* 15 U.S.C. § 1692g(a). Despite the fact that the Letter contains the required debt validation language contained in § 1692g, Plaintiff alleges that the Letter violates §§ 1692e(2)(a), e(5), and f because QCS cut and pasted the statutorily required language onto the Letter, "but failed to select the applicable dispute response available (i.e. verification vs. a copy of

8

a judgment)." (Dkt. 1-1, 33). According to Plaintiff, QCS's alleged failure to identify the applicable validation language made him believe that a judgment was entered against him, despite there being no such judgment. (Dkt. 1-1, ¶¶ 32-33).

The FDCPA, however, does not require debt collectors to determine and include the precise form of validation applicable to each individual consumer in a dunning letter. To the contrary, the FDCPA expressly requires debt collectors, within five days after the initial communication with a consumer in connection with the collection of any debt, to send the consumer a written notice containing, among other things:

> a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, **the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector**.

15 U.S.C. § 1692g(a)(4) (emphasis added). And when a "statute's language is plain, the sole function of the courts'—at least where the disposition required by the text is not absurd—'is to enforce it according to its terms.' " *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (internal quotations and admitted) (applying the plain language of § 1692g). This is exactly what the Letter followed: the plain language of § 1692g(a). (Dkt. 1-1, Ex. A). Therefore, for this reason alone, Plaintiff's claims based on the Letter's validation notice must be dismissed.

Notwithstanding the Letter's FDCPA compliant validation notice, Plaintiff's claim still fails because his interpretation of the validation notice goes far beyond the contours of unsophisticated debtor standard. When evaluating "false, deceptive or misleading" or "unfair or unconscionable," the Seventh Circuit views the disputed language from the objective point of view of an "unsophisticated debtor." *Heredia*, 942 F.3d at 815. As described herein, "[t]he unsophisticated debtor is neither an expert nor a fool." *Vogel v. McCarthy Burgess & Wolff, Inc.*,

9

2020 WL 6134987, at *6 (N.D. Ill. Oct. 19, 2020). The Seventh Circuit has divided § 1692e cases into three groups based on the level of deception. *Id.* "In rough terms, debt collection letters fall into three camps: (1) not misleading, (2) possibly misleading, or (3) misleading."

The first category of cases involve statements "that plainly, on their face, are not misleading or deceptive." *Ruth v. Triumph P'ships,* 577 F.3d 790, 800 (7th Cir. 2009). In that category cases, courts do not look to extrinsic evidence to determine whether consumers were confused. *Id.* Instead, dismissal or summary judgment in favor of the defendant is warranted based on the court's own determination that the statement complied with the law. See, e.g., *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) (affirming summary judgment for the defendants where the alleged falsehood was immaterial and therefore could not be misleading); *Wahl v. Midland Credit Management, Inc.,* 556 F.3d 643, 646 (7th Cir. 2009) ("[W]e see no way this language would confuse the reasonable consumer, unsophisticated though she may be."); *Barnes v. Advanced Call Ctr. Techs., LLC*, 493 F.3d 838, 841 (7th Cir. 2007) (affirming a grant of summary judgment for the defendants because the court could "not see how an unsophisticated consumer" could interpret the communication in the misleading manner suggested by the plaintiffs).

Here, the Letter is "obviously not misleading." The Letter, in pertinent part, advises Plaintiff that:

> If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, *this office will obtain verification of the debt **or** a copy of a judgment against you and have such verification **or** judgment mailed to you.*

(Dkt. 1-1, Ex. A) (emphasis added). Plaintiff's reading of the Letter completely ignores the word "or" in the above language. A plain reading of the Letter indicates that QCS will obtain either verification of the debt **or** a copy of a judgment against Plaintiff.

Simply put, the Letter included the precise validation language required by the FDCPA. There is nothing misleading, deceptive, confusing, or unconscionable about including the validation notice endorsed and approved by Congress. If Plaintiff believes the Letter's validation notice violates the FDCPA, his issue lies with Congress, not QCS. Therefore, this Court should dismiss Plaintiff's §§ 1692e(2)(a), e(5), and f claims as a matter of law.

## CONCLUSION

In light of the foregoing, QCS respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint with prejudice.

Dated: April 21, 2021

                      **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

                      /s Brendan H. Little
                      Brendan H. Little, Esq.
                      Attorneys for Defendant
                      50 Fountain Plaza, Suite 1700
                      Buffalo, New York 14202
                      P: 716-853-5100
                      F: 716-853-5199
                      E: blittle@lippes.com