IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE AVINA, on behalf of herself and a class, | ) ) ) |
| PLAINTIFF, | ) ) Case No. 21-cv-01993 |
| v. | ) ) Hon. Franklin U. Valderrama |
| QUALIA COLLECTION SERVICES | ) ) ) |
| DEFENDANT. | ) |

**<u>PLAINTIFF'S MOTION TO REMAND</u>**

NOW COMES Plaintiff Jose Avina, by and through undersigned counsel, and submits this motion for remand pursuant to 28 U.S.C. §1447(c), and respectfully states as follows in support:

1. On February 26, 2021 Plaintiff filed a class action lawsuit (the "State Court Action") under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k, *et seq*. (the "FDCPA") against Defendant Qualia Collection Services ("Qualia"). *See* [Docket No. 1].

2. The State Court Action was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. *See* [Docket No. 1].

3. Plaintiff did not allege facts relating to standing in the State Court Action: there is no allegation present in the State Court Action that the Plaintiff suffered a concrete harm or appreciable risk of harm apart from the statutory violation itself, nor is there any factual support alleged in support of the same. [Docket No. 1].

4. Plaintiff filed the action in state court after considering recent Seventh Circuit decisions regarding standing in FDCPA cases. *See*, *e.g.*, *Casillas v. Madison Ave. Assocs., Inc.*,

1

926 F.3d 329 (7th Cir. 2019); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Nettles v. Midland Funding, LLC*, 983 F.3d 896 (7th Cir. 2020).

4. These decisions have changed the law regarding standing for claims under the FDCPA. Specifically, substantive FDCPA violations and mere confusion of the plaintiff are no longer sufficient to confer standing on a plaintiff. The plaintiff must have suffered a specific injury beyond a violation of his rights under the FDCPA and beyond mere confusion.

5. Plaintiff does not allege facts regarding any specific injury beyond a violation of his rights under the FDCPA or beyond mere confusion.

6. On April 14, 2021, Defendant filed a Notice of Removal in the United States District Court For the Northern District of Illinois, Eastern Division. [Docket No. 1].

7. Plaintiff submits that, to establish federal subject-matter jurisdiction, *Defendant*— as the party seeking removal— must show that the Plaintiff has Article III standing— specifically, that he suffered an injury beyond a statutory violation.

8. Plaintiff has not alleged any facts in support of Article III standing as that concept is currently understood in the Seventh Circuit.

9. Plaintiff submits that 28 U.S.C. § 1447(c) requires that this case be remanded back to state court because it does not satisfy Article III's requirements as currently understood in the Seventh Circuit.

10. As the party invoking federal jurisdiction, Defendant must establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *Tri-*

*State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (cert. denied) ("the party seeking removal" must establish federal jurisdiction). *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

11. According to mandatory precedent, Defendant presently bears the burden of establishing standing. This is especially true as Plaintiff did not purport to allege actual damages or any other actual injury beyond the statutory violation and confusion. *See Thornley v. Clearview AI, Inc.*, 2021 U.S. App. LEXIS 1006, *19-20 (7th Cir. 2021) ("Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court.").

12. Defendant's Notice of Removal alleges no facts that could support Article III standing in this case. *See* [Docket No. 1].

13. 28 U.S.C. § 1447(c) requires this Court to remand this case to state court—not dismiss it—if the case does not satisfy Article III's requirements. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("§ 1447(c) makes clear that the district court must remand the case to state court if 'at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction.'")(quoting 28 U.S.C. §1447(c) (emphasis added by the *Collier* court); *Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994); *see also McIntyre v. Fallahay*, 766 F.2d 1078, 1082 (7th Cir. 1985) ("If the case did not belong in federal court at all, it should be remanded rather than dismissed" under § 1447(c)); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Res.*, 876 F.2d 1051, 1053-

54 (1st Cir. 1989) (concluding § 1447(c) requires district court to remand, not dismiss, for lack of standing).

14. Plaintiff asserts no basis that could support Article III standing in this case under recent Seventh Circuit precedent. This case should be remanded to the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

WHEREFORE, for the reasons set for the above, Plaintiff respectfully requests that this Court remand this case to the Circuit Court of Cook County, Illinois, County Department, Chancery Division, for lack of Article III standing.

By: *s/Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

### CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on April 26, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: April 26, 2021**                                      Respectfully submitted,

By: */s/ Celetha Chatman*
Celetha Chatman

4