IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE AVINA, on behalf of herself and a class, | ) ) ) | |
| PLAINTIFF, | ) ) | Case No. 21-cv-01993 |
| v. | ) ) | Hon. Franklin U. Valderrama |
| QUALIA COLLECTION SERVICES, | ) ) ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S MOTION TO STAY BRIEFING ON MOTION TO
DISMISS PENDING THE RESOLUTION OF PLAINTIFF'S MOTION TO REMAND**

NOW COMES Plaintiff Jose Avina, by and through undersigned counsel, and submits this motion to stay briefing on Defendant's motion to dismiss pending the resolution of Plaintiff's motion to remand, and respectfully states as follows in support:

1. On February 26, 2021 Plaintiff filed a class action lawsuit under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k, *et seq.* (the "FDCPA") against Defendant. *See* [Docket No. 1].

2. On April 14, 2021, Defendant filed a Notice of Removal in the United States District Court For the Northern District of Illinois, Eastern Division and removed this case to this Court. [Docket No. 1].

3. On April 21, 2021, Defendant filed a Motion to Dismiss and supporting memorandum seeking to dismiss Plaintiff's claims with prejudice because Plaintiff has failed to adequately state a claim. [Docket Nos. 5, 6]. Defendant's Motion to Dismiss did not address jurisdictional issues.

1

4. Also on April 21, 2021, the Court set a briefing schedule on Defendant's Motion to Dismiss, setting Plaintiff's response deadline for May 12, 2021, and Defendant's reply deadline for May 26, 2021. [Docket No. 7].

5. On April 26, 2021, Plaintiff filed a Motion for Remand, asserting that Plaintiff lacks Article III standing and that this Court does not have jurisdiction over Plaintiff's claims. [Docket No. 10].

6. If granted, the Court will have acknowledged that it lacks jurisdiction over Plaintiff's claims and this case will be remand back to state court.

7. Plaintiff maintains that this Court does not have jurisdiction over Plaintiff's claims and does not have jurisdiction to decide the substantive legal issues argued in Defendant's Motion to Dismiss.

8. Jurisdiction is a threshold issue. As such, the Court should decide Plaintiff's motion for remand prior to ruling on Defendant's motion to dismiss.

9. Plaintiff thus requests that the Court strike the briefing schedule on Defendant's Motion to Dismiss and stay briefing on the Motion to Dismiss pending the resolution of Plaintiff's Motion for Remand.

WHEREFORE, for the reasons set for the above, Plaintiff respectfully requests that this Court strike the briefing schedule on Defendant's motion to dismiss and stay briefing on the Motion to Dismiss pending the resolution of Plaintiff's Motion for Remand.

By: *s/Daniel Brown*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Community Lawyers LLC

20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

Daniel Brown (ARDC# 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

## CERTIFICATE OF SERVICE

I, Daniel Brown, an attorney, hereby certify that on May 11, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: May 11, 2021**                    Respectfully submitted,

                                                By: */s/ Daniel Brown*
                                                Daniel Brown