UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
_____

| | |
|---|---|
| JOSE AVINA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>QUALIA COLLECTION SERVICES<br><br>    Defendant. | Case No.: 21-cv-1993 |

_____

### DEFENDANT QUALIA COLLECTION SERVICES' OPPOSITION TO PLAINTIFF'S MOTION TO STAY BRIEFING CONCERNING DEFENDANT'S MOTION TO DISMISS

Defendant Qualia Collection Services[1] ("Defendant"), by and through its undersigned attorneys, submits this opposition to Plaintiff Jose Avina's Motion to Stay Briefing on Defendant's Motion to Dismiss and states as follows in support thereof:

1.    On April 14, 2021, Defendant timely removed Plaintiff's Complaint alleging causes of action pursuant to the Fair Debt Collection Practices Act ("FDCPA") to this Court from the Circuit Court of Cook County, Illinois. (Doc. 1).

2.    Thereafter, on April 21, 2021, Defendant filed a Motion to Dismiss the Complaint seeking to dismiss Plaintiff's claims with prejudice. (Doc. 5-6).

3.    On April 21, 2021, this Court issued a briefing schedule with respect to Defendant's Motion to Dismiss, which requires Plaintiff to file his opposition to said motion on or before May 12, 2021. (Doc. 7). Instead of opposing Defendant's Motion to Dismiss, Plaintiff now seeks to

---

[1] This Opposition is being filed by Optio Solutions, LLC. Qualia Collection Services is not an entity. Optio Solutions does do business as Qualia Collection Services.

1

stay the briefing schedule concerning the Motion to Dismiss until Plaintiff's Motion to Remand is adjudicated.

4. Plaintiff's Motion to Stay should be denied as it is an attempt by Plaintiff to hide the fact from this Court that his claims asserted pursuant to the FDCPA lack merit. As articulated Defendant's Motion to Dismiss, Plaintiff's case is a "lawyer's case" as it "alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive." *Ocampo v. Client Servs., Inc.*, 2019 WL 2881422, at *3 (E.D.N.Y. Jul. 3, 2019). Put differently, "[a] lawyer's ability to identify a question that a dunning letter does not expressly answer ('Is it possible the balance might increase?') does not show the letter is misleading, even if a speculative guess to answer the question might be wrong." *Koehn v. Delta Outsource Group, Inc.*, 939 F.3d 863, 865 (7th Cir. 2019) (parenthetical in original).

5. Plaintiff's allegations in the Complaint are the type of allegations the courts cautioned against: expanding the scope of the FDCPA beyond what was intended by Congress.

6. To that end and as eluded to in Plaintiff's Motion to Remand, Plaintiff attempted to craft the allegations in the Complaint to remain clear of federal court. (Dkt. 10, ¶ 11).

7. Indeed, given the federal statute at issue, this Court is well-positioned to see through Plaintiff's meritless FDCPA claims. On the other hand, state courts, such as the Circuit Court of Cook County, do not have the same level of exposure and experience adjudicating FDCPA cases.

8. It is Defendant's position that Plaintiff's continued efforts to avoid this Court addressing the merits of his claims are the direct result of his claims having no merit. Simply put, in order to keep his Complaint alive, Plaintiff would prefer that his claims be adjudicated by a state court that rarely sees FDCPA claims as opposed to this Court who routinely adjudicates FDCPA claims.

9. Ultimately, Plaintiff is engaging in a type of forum shopping in an attempt to avoid dismissal of his Complaint. Despite Plaintiff's efforts to sidestep briefing the merits of the Complaint, this Court should deny Plaintiff's Motion to Stay.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion to Stay Briefing of Defendant's Motion to Dismiss (Doc. 13) together with any other and further relief this Court deems necessary and just.

Dated: May 12, 2021

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: (716) 853-5100
F: (716) 853-5199
E: blittle@lippes.com