IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE AVINA, on behalf of herself and a class, ) ) ) PLAINTIFF, ) ) v. ) ) QUALIA COLLECTION SERVICES, ) ) DEFENDANT. ) | Case No. 21-cv-01993 Hon. Franklin U. Valderrama |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

NOW COMES Plaintiff Jose Avina, by and through undersigned counsel, and submits this reply in support of his motion to remand, and respectfully states as follows:

### INTRODUCTION

Contrary to Defendant's conspiracy theories, Plaintiff filed this case in state court, and now seeks to remand, because this Court lacks jurisdiction. The Seventh Circuit has recently made it clear that plaintiffs lack standing in FDCPA cases involving improper language in collection letters unless the plaintiff suffered a concrete injury as a result of the improper language. A purely "informational injury" is insufficient, particularly where the misinformation does not spark any action by the consumer. This case involves a purely informational injury which did not adversely impact Plaintiff or cause him to take any action to his detriment. Under controlling Seventh Circuit law, this case cannot proceed in federal court.

Grasping at straws, Defendant points to Plaintiff's allegations that the misleading language in the collection letter "would make him believe that there was no longer any point to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not." [Docket No. 1, ¶40] (emphasis added). Instead of reading the complaint as written—with the

1

auxiliary verb "would," which denotes a hypothetical—Defendant attempts to re-write the allegation as stating that the collection letter <u>did</u> make Plaintiff believe that there was no point in disputing the alleged debt. But that is not what the complaint says. Plaintiff did not arrive at any such belief, though an unsophisticated consumer certainly could. Without Defendant's improper re-write of the complaint's allegation, its entire argument falls apart.

And even if Defendant could re-write the complaint to buttress its argument, the re-write would still be insufficient to confer standing on Plaintiff. The Seventh Circuit has concluded that a consumer who is misinformed about his right to dispute a debt lacks standing unless a dispute would have benefitted him in some way. Here, Plaintiff has not alleged that he even disputed the debt, let alone that exercising his right to dispute would have helped him in some way that he missed out on. Without any such claim, even Defendant's improper, revised version of the complaint would not confer Article III standing on Plaintiff.

Plaintiff was not injured for the purposes of Article III standing as set forth by the Seventh Circuit. Defendant's allegations of forum shopping are nonsense. This case must be remanded back to state court.

## **ARGUMENT**

Glossed over in Defendant's brief is the Seventh Circuit case that is most directly on point: *Nettles v. Midland Funding, LLC*, 983 F.3d 896 (7th Cir. 2020). In that case, a debt collector sent the consumer plaintiff a collection letter demanding payment of about $104 more that the consumer actually owed, which the plaintiff alleged was a false statement in violation of §1692e of the FDCPA. *Id.* at 898. The court observed that the complaint "does not allege that the statutory violations harmed [the plaintiff] in any way or created any appreciable risk of harm to her . . . . she admits that the letter didn't affect her at all and that her only injury is receipt of a

2

noncompliant collection letter." *Id.* at 900. The court thus concluded that the *Nettles* plaintiff lacked Article III standing. *Id.*

This case has nearly identical facts. Defendant sent Plaintiff a collection letter containing false and misleading statements, but those statements did not cause Plaintiff to act or fail to act. Plaintiff admits that the noncompliant letter did not affect him. Like the *Nettles* plaintiff, the only injury to Plaintiff in this case is the receipt of a noncompliant collection letter. Thus, like the *Nettles* plaintiff, Plaintiff in this case lacks Article III standing.

Notably, the *Nettles* court gave no credence to the "uninformed/misinformed" distinction on which Defendant so heavily relies. The overstated amount in *Nettles* was indeed misinformation. But the Seventh Circuit still decided that the plaintiff lacked standing because the misinformation had no impact on her. The same holds true in this case. Plaintiff was indeed misinformed, but the misinformation did not adversely impact him.

Defendant nevertheless attempts to re-write Plaintiff's complaint to manufacture a concrete injury for Article III purposes where none exists. Plaintiff alleged that Defendant's misleading reference to a judgment, where there was no judgment, "<u>would</u> make him believe that there was no longer any point to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not." [Docket No. 1, ¶40] (emphasis added). This allegation uses the auxiliary verb "would," denoting a hypothetical. The purpose of this allegation is not to state that Plaintiff <u>did</u> believe that there was no longer any point to disputing the debt. If Plaintiff held that belief the complaint would say so.

Instead, the purpose of this allegation is to demonstrate that the false statement in the collection letter is material. "[T]o state a claim under § 1692e, plaintiffs must plausibly allege that [false statements in a collection letter] <u>would</u> materially mislead or confuse an unsophisticated consumer." *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018)

3

(emphasis added). Plaintiff's allegation thus shows that Defendant's false claim <u>would</u> mislead or confuse an unsophisticated consumer like Plaintiff into paying off the debt, which is required for Plaintiff to state a valid FDCPA claim under §1692e. Plaintiff nowhere alleges that the false statement <u>did</u> mislead him. He never paid the debt. Instead, he contacted an attorney, which the Seventh Circuit has concluded is insufficient to confer Article III standing. *Nettles*, 983 F.3d at 900 (citing *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020)).

Further, as the Seventh Circuit made clear in *Smith v. GC Servs., L.P.*, 986 F.3d 708 (7th Cir. 2021), a collection letter that misinforms or misleads a consumer about his right to dispute a debt cannot confer standing unless a dispute would have positively impacted the consumer. In other words, the consumer must allege "*what good* a dispute would have done" if the dispute had been made. *Id.* at 710 (emphasis in original). Here, Plaintiff has not alleged that he even disputed the debt, let alone that lodging a dispute would have benefitted him in any way. Without this connection, the Seventh Circuit has concluded that there is no concrete injury and no standing because the statutory right that was violated "may have little or no value." *Id.* at 711.

With or without Defendant's improper re-write of the complaint, *Nettles* and *Smith* both apply to this case and control the result. Plaintiff's only harm was the receipt of a noncompliant collection letter, and nothing more. To have Article III standing in an FDCPA letter case, recent Seventh Circuit decisions uniformly hold that a noncompliant collection letter must "lead[] the consumer to take some detrimental step" that causes them injury. *Smith*, 986 F.3d at 710 (citing *Larkin v. Fin. Sys. Of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Gunn*, 982 F.3d 1069). Even if the consumer is confused or annoyed by language that substantively violates the FDCPA and seeks the help of an attorney, without an additional "detrimental step" taken by the consumer, there is no concrete injury for standing purposes. *Smith*, 986 F.3d at 710. Here,

4

Plaintiff has not alleged any such "detrimental step," and instead pleads only confusion from receiving a noncompliant collection letter.

Given these facts, and given the clear and controlling precedent of *Nettles*, *Smith*, *Gunn*, and *Larkin*, it appears that Defendant—not Plaintiff—is engaged in forum shopping. Defendant essentially admits as much, disparaging the knowledge and experience of the state court because Defendant favors review by a federal judge. Plaintiff, by contrast, is confident in his claims regardless of the forum. He seeks only to avoid the tremendous waste of time associated with litigating a case in a court that the Seventh Circuit has plainly stated lacks jurisdiction.

WHEREFORE, for the reasons set for the above, Plaintiff respectfully requests that this Court overrule Defendant's objections and remand this case to the Circuit Court of Cook County, Illinois, County Department, Chancery Division, for lack of Article III standing.

Respectfully Submitted,

/s/ *Daniel Brown*
Daniel Brown (ARDC # 6299184)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
(773) 453-7410
daniel@mainstreetattorney.com

Celetha Chatman
Michael Wood
Community Lawyers Group, Ltd.
20 N. Clark St., Suite 3100
Chicago, IL 60602
(312) 757-1880
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2021, I electronically filed the foregoing Document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties listed above, each a registered CM/ECF user in this case.

/s/ *Daniel Brown*
Daniel Brown
