IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE AVINA, individually and on behalf of
all others similarly situated,

Plaintiff,

v.

QUALIA COLLECTION SERVICES,

Defendant.

No. 21-cv-01993
Judge Franklin U. Valderrama

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Avina (Plaintiff), on behalf of himself and all others similarly situated, brought this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), against defendant Qualia Collection Services (Defendant) in the Circuit Court of Cook County, Illinois, after which Defendant removed this suit to federal court. Currently before the Court is Plaintiff's Motion to Remand the case to the Circuit Court of Cook County under 28 U.S.C. § 1447(c) based on the Court's lack of subject matter jurisdiction. R. 10, Mot. Remand.[1] For the following reasons, the Court grants Plaintiff's motion to remand.

## Background

Plaintiff incurred an alleged debt that he was unable to pay, so it went into default. R. 1-1, Compl. ¶¶ 6–7. Capital One acquired the debt and retained Defendant to collect the alleged debt. *Id.* ¶¶ 8–9. To that end, Defendant mailed a collection

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

letter (the Letter) to Plaintiff in October 2020, in an attempt to collect on the debt. *Id.* ¶ 10. The Letter states the principal of the debt is $1,499.42 and lists amounts accruing for fees and interest. *Id.* ¶¶ 13–14. Plaintiff believed that because amounts were listed for fees and interest, those items were accruing on the alleged debt. *Id.* ¶ 15. But in fact, neither fees nor interest were permitted to accrue because the debt had been charged off in October 2018 for $2,024.00. *Id.* ¶¶ 17–18. The Letter failed to inform Plaintiff that, despite listing fees and interest, those amounts cannot increase. *Id.* ¶ 20. Plaintiff contends that Defendant violated 15 U.S.C. § 1692e of the FDCPA when it falsely implied that the debt may be increasing. *Id.* ¶ 22.

The Letter also listed several disclosures required by the FDCPA including: "If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment against you and have such verification or judgment mailed to you." Compl., Exh. A, Letter; Compl. ¶ 24. Defendant's reference to a judgment made Plaintiff believe that there may have been a judgment entered with respect to the alleged debt, or that Defendant was in the process of obtaining one. Compl. ¶ 29. In fact, Defendant had no intention of seeking a judgment on the debt and knew that no judgment had been entered. *Id.* ¶¶ 31–32.

Plaintiff alleges that "Defendant's statement that it could send a copy of a judgment to Plaintiff would make him believe that there was no longer any point to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not." Compl. ¶ 40. Plaintiff further alleges that Defendant violated Sections

1692e and 1692f of the FDCPA by threatening a legal action it did not intend to take and by using unfair means in an attempt to collect the debt. *Id.* ¶¶ 35–38.

Plaintiff filed this class action lawsuit against Defendant in the Circuit Court of Cook County alleging violations of the FDCPA. Compl. ¶¶ 30–33. Defendant removed the suit to federal court. R. 1, Notice of Removal. Plaintiff now moves to remand the suit to the Circuit Court of Cook County based on the Court's lack of subject matter jurisdiction. *See* Mot. Remand.

## Standard of Review

A defendant may remove a case filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The Court may remand a case for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c).

## Analysis

In his motion to remand, Plaintiff argues that the Court lacks subject matter jurisdiction over his lawsuit because Plaintiff does not allege an injury-in-fact to satisfy Article III standing. Mot. Remand ¶ 3.

Article III standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

3

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The injury-in-fact inquiry "asks whether the plaintiff has suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151–52 (7th Cir. 2020) (internal citations and quotations omitted). A concrete injury "must actually exist" and must be "real and not abstract." *Spokeo, Inc.*, 578 U.S. at 340. Because Defendant has invoked the Court's jurisdiction, it has the burden to establish that Plaintiff had Article III standing at the time of removal. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018).

In *Spokeo*, the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation." 578 U.S. at 341. The Seventh Circuit has further clarified that, regardless of the procedural or substantive nature of the FDCPA violation, a plaintiff "must allege (and later establish) that the statutory violation harmed him 'or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'" *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1065–66 (7th Cir. 2020) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). The allegations of fact "need only 'plausibly suggest' each element of standing, with the court drawing all reasonable inferences in the plaintiff's favor." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020) (citing *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015)). Seventh Circuit precedent teaches that "a plaintiff must do more than allege an

4

FDCPA violation to establish standing; she must also show personal harm." *Bazile*, 983 F.3d at 279.

Plaintiff argues that, based on a series of recent Seventh Circuit cases addressing Article III standing in the context of FDCPA claims, Defendant cannot establish that he suffered a concrete harm. Mot. Remand ¶¶ 4, 10–12 (citing *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Bazile*, 983 F.3d at 274; *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Larkin*, 982 F.3d at 1060; *Nettles v. Midland Funding, LLC*, 983 F.3d 896 (7th Cir. 2020)). Plaintiff contends that these decisions have changed the law regarding standing for claims under the FDCPA, in that substantive FDCPA violations and a plaintiff's mere confusion are no longer sufficient to confer standing on a plaintiff. *Id.* ¶ 4. Rather, a plaintiff must have suffered a specific injury beyond a violation of his rights under the FDCPA and beyond mere confusion. *Id.* Plaintiff argues that in this case "there is no allegation present in the State Court Action that the Plaintiff suffered a concrete harm or appreciable risk of harm from the statutory violation itself, nor is there any factual support alleged in support of the same." *Id.* ¶ 3. Therefore, Plaintiff contends this lawsuit belongs in state court.

Defendant, on the other hand, insists that the allegations in the Complaint satisfy Article III's standing requirement. R. 18, Resp. Specifically, Defendant argues that Plaintiff alleges more than a procedural violation or mere confusion based on the allegation that the Letter's statement indicating that Defendant "could send a copy of a judgment to Plaintiff would make him believe that there was no longer any point

5

to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not." *Id.* at 3 (quoting Compl. ¶ 40). The foregoing statement, submits Defendant, shows that the Letter caused Plaintiff "to change [his] course of action or put [him] in harm's way." *Id.* (quoting *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021)). Defendant asserts that Plaintiff's allegations regarding Defendant's FDCPA violations "(1) created an appreciable risk that Plaintiff would not dispute his alleged debt; (2) misinformed Plaintiff that he could exercise his rights under the FDCPA, namely, disputing his debt; and (3) caused Plaintiff to act to his detriment, i.e., forgoing an opportunity to dispute his debt regardless of whether he believed he owed that debt or not." *Id.* at 12. The Court disagrees.

Here, Plaintiff alleges that the Letter's statement indicating Defendant "could send a copy of a judgment to Plaintiff *would* make him believe that there was no longer any point to disputing the alleged debt, and that he owed it regardless of whether he believed he did or not." Compl. ¶ 40 (emphasis added). Defendant's argument that Plaintiff sustained an injury-in-fact obscures and ignores the word "would." As Plaintiff correctly points out, Defendant interprets that sentence to mean that Plaintiff did *in fact* change his course of action. R. 19, Reply at 1–2. Nothing in the Complaint, however, supports that conclusion.

The Court finds *Nettles*, 983 F.3d at 896, instructive.[2] In *Nettles*, a debt collector sent the consumer-plaintiff a collection letter that misrepresented the total

---

[2]The same plaintiff filed a case in the Eastern District of Michigan based on the same facts and the court found that she satisfied Article III standing. *See Nettles v. Midland Funding LLC*, 2021 WL 1193165 (E.D. Mich. Mar. 30, 2021). In that case, however, the court

debt owed. 983 F.3d at 898. The plaintiff filed suit alleging that the letter was false, misleading, or otherwise unfair or unconscionable in violation of Sections 1692e and 1692f of the FDCPA. *Id.* The Seventh Circuit held that the plaintiff's allegations were insufficient to meet the injury-in-fact requirement of Article III standing. *Id.* at 900. The Seventh Circuit observed that the complaint "does not allege that the statutory violations harmed [the plaintiff] in any way or created any appreciable risk of harm to her. . . . [S]he admits that the letter didn't affect her at all and that her only injury is receipt of a noncompliant collection letter." *Id.* Similarly, here, Defendant sent Plaintiff a collection letter containing false and misleading statements, but those statements did not cause Plaintiff to act or fail to act. Reply at 3. Plaintiff admits that the noncompliant letter did not affect him. *Id.* As in *Nettles*, the only injury to Plaintiff in this case is the receipt of a noncompliant collection letter.

---

acknowledged that the Sixth and Seventh Circuits diverge, and that there is an unresolved circuit split concerning whether an alleged violation of the FDCPA is itself enough to create standing. *Id.* at *2–3. The Court is obligated to follow Seventh Circuit precedent.

**Conclusion**

For the foregoing reasons, the Court grants Plaintiff's motion to remand this case to the Circuit Court of Cook County, Illinois [10]. The Clerk's Office is directed to remand this case to the Circuit Court of Cook County, Illinois immediately. The Court terminates Defendant's motion to dismiss [5] as moot. This civil case is terminated.

Franklin U. Valderrama
United States District Judge

Dated: November 2, 2021